IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIAN BONNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.   19-cv-452-RJD |
| JESSICA D. STOVER, DANIEL Q. SULLIVAN, and ROB JEFFREYS, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Stover, Sullivan, and Jeffreys (Doc. 19). For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Julian Bonner, who is committed at Big Muddy River Correctional Center as a sexually dangerous person ("SDP"), brings this action alleging violations of his constitutional rights and violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e.  Plaintiff alleges the SDP program is deficient and the treatment provided is ineffective.  Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on the following claims:

> Count One:   Fourteenth Amendment claim against Defendants Stover, Sullivan, and Jeffreys for failing to adequately treat Plaintiff's paraphilia and related disorders.
>
> Count Two:   ADA and RA claim against Defendant Jeffreys for failing to accommodate Plaintiff's learning and intellectual disabilities.

>Count Four:   First Amendment claim against Defendants Stover for preventing access to the grievance system and retaliating against Plaintiff for attempting to use it.
>
>Count Five:   State law claim for breach of fiduciary duty against Jeffreys.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 19). In their motion, Defendants assert Plaintiff's Administrative Review Board ("ARB") records contain four grievances submitted during the relevant time. Defendants, however, argue these grievances do not address the issues in this lawsuit and do not name or sufficiently describe them. As such, Defendants contend Plaintiff failed to exhaust his administrative remedies.

In response to Defendants' motion, Plaintiff asserts that the Illinois Sexually Dangerous Persons Program does not have a grievance system in place to assist civilly committed persons such as himself with treatment specific issues. Plaintiff explains he is not directly challenging "prison conditions" and, as such, he was not required to exhaust under the Prison Litigation Reform Act ("PLRA"). Plaintiff argues Defendants' reliance on *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004) is misplaced because he is not challenging prison conditions; rather, he is challenging the statutorily prescribed mental health treatment in the sex offender civil commitment program. Plaintiff also remarks that he received a response that stated the grievance procedure was not the correct avenue to seek relief. Plaintiff argues that if his issue was not "grievable" under the institution's grievance procedures, then he does not have to exhaust under the grievance system. Plaintiff also explains that SDPs do not often receive their grievances back and counselors who handle grievances have been providing SDPs with learning disabilities, such as Plaintiff, verbal responses to their grievances, or directing Plaintiff to talk to SDP staff.

Plaintiff attached copies of two grievances to his response. A grievance dated August 2,

2017, in which Plaintiff writes that he has been denied access to a program to treat his substance abuse disorder.   Plaintiff complains he is being ignored because he is an "SDP."   The counselor responded to this grievance on August 4, 2017, indicating that according to IDOC guidelines, SPD/SDP treatment staff have full authority of restrictions.   Plaintiff also attached a grievance dated August 4, 2017, in which he again requests specific treatment for his substance abuse disorder.   Plaintiff complains that he was told by the ADA coordinator that because he was in the SDP program he should discuss this treatment issue with SDP staff.   The counselor responded to this grievance on August 24, 2017, indicating that per the ADA Coordinator, it is not an ADA issue.   The Grievance Officer recommended that the grievance be denied on September 5, 2017, and the Chief Administrative Officer ("CAO") concurred on September 7, 2017.   There is no other documentation concerning these grievances.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on August 3, 2020.   At the hearing, Plaintiff testified he submitted two grievances that exhaust his claims in this lawsuit.   Both are in the record before the Court.   The first grievance, dated April 8, 2019 (Doc. 20-2 at 13-16), sets forth complaints against counselor Hahs.   Plaintiff writes that he spoke with counselor Hahs on April 5, 2019 regarding his grievance on SDP counselor Jessica Stover for not returning his handwritten homework back to him.   The counselor responded to this grievance on April 10, 2019, and the Grievance Officer recommended that it be denied on May 6, 2019.   The Chief Administrative Officer ("CAO") concurred with the Grievance Officer on May 7, 2019.   Plaintiff testified that because this grievance mentions Jessica Stover it exhausts the claims against her.   Plaintiff also testified he never received his counselor's response to this grievance so he filed this lawsuit on April 25, 2019.

Plaintiff also testified his May 13, 2019 grievance (Doc. 20-1 at 2-5) exhausts the claims in

this lawsuit. In this grievance, Plaintiff indicates he is complaining about SDP staff Heather Young. Plaintiff complains that his cellmate is continually making inappropriate comments and SDP staff has refused to move him to another cell. Plaintiff testified this grievance is related to this lawsuit because he was placed with this inmate out of retaliation for filing this case. The counselor responded to this grievance on May 14, 2019, and the Grievance Officer recommended that it be denied because the issue was moot on June 4, 2019. The CAO concurred with the Grievance Officer's recommendation on June 6, 2019. Plaintiff appealed the institution's response to the ARB, which agreed that the issue was moot on July 2, 2019. The IDOC Director concurred on July 3, 2019.

## Legal Standards

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the

nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its

findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.  *Id.* § 504.840.  If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

Based on the evidence in the record and arguments of the parties, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

First, the Court considers Plaintiff's contention that because he is an SDP inmate and his claims relate to ineffective treatment in the SDP program, he was not required to exhaust his administrative remedies under the PLRA.  It is well settled that persons civilly committed to the SDP program are "prisoners" subject to the PLRA.  *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).  Further, the Court finds no authority for Plaintiff's proposition that his complaints related to the SDP program are not complaints about "prison conditions."  Indeed, common sense dictates that Plaintiff's treatment under the SDP program is necessarily a condition of his imprisonment and his complaints about the same fall squarely under the purview of the PLRA and its exhaustion requirements.


Next, the Court considers Plaintiff's contention that his efforts at exhausting the claims in this lawsuit were thwarted because he was advised that the grievance procedure was not the correct avenue to gain the relief he seeks and that his grievances were not responded to by counselors or SDP staff. The Court rejects these contentions as Plaintiff did not provide any testimony to substantiate this argument at the hearing. Indeed, Plaintiff did not mention any efforts he made to exhaust grievances that were ignored or received only a verbal response. Further, based on the record before the Court, Plaintiff was able to submit and receive responses to grievances that named SDP staff and issues with his confinement in the SDP program. Plaintiff even testified at the hearing that he was able to submit two grievances, dated April 8, 2019 and May 13, 2019, which he argues exhaust the claims in this lawsuit. Thus, the argument Plaintiff was thwarted in his efforts to exhaust is belied by the record.

Finally, the Court finds the grievances relied on by Plaintiff, dated April 8, 2019 and May 13, 2019, were not exhausted prior to filing this lawsuit and do not address the issues in this lawsuit. Plaintiff's April 8, 2019 grievance was responded to by the counselor on April 10, 2019, and by the Grievance Officer on May 6, 2019. Despite these timely responses, Plaintiff filed this lawsuit on April 25, 2019. Even if the Court credited Plaintiff's testimony that he did not receive the counselor's response to this grievance and, as a result, he filed this lawsuit, waiting approximately two weeks is not sufficient for an inmate to deem his administrative remedies unavailable and rush to litigation. The Court also notes that the May 13, 2019 grievance was filed after Plaintiff initiated this lawsuit. These grievances also fail to adequately address the issues pending in this lawsuit. The fact that Defendant Stover was mentioned is not sufficient as the issues complained of in these grievances are separate and distinct from the claims pending before the Court.

### Conclusion

Based on the foregoing, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Stover, Sullivan, and Jeffreys (Doc. 19) is **GRANTED**.  This matter is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 11, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**